UNITED STATES of America

v.

**Andy Kenneth MILLER, Jr. and Patrick Nelson Acuff.**

**No. CR 3–87–53.**

United States District Court,
E.D. Tennessee, N.D.

Feb. 16, 1988.

James R. Dedrick, Asst. U.S. Atty., Knoxville, Tenn., for plaintiff.

Ralph Harwell, Randolph Nichols, Knoxville, Tenn., for Miller.

Gerald C. Russell, Maryville, Tenn., for Acuff.

## MEMORANDUM OPINION

JARVIS, District Judge.

Defendants Andy Kenneth Miller, Jr. and Patrick Nelson Acuff have filed a pre-trial motion for a ruling *in limine* on the issue of whether or not the Government will be permitted to include the weight of plant "stalks" in calculating the amount of marijuana for purposes of enhancement under 21 U.S.C. § 841(b)(1)(A)(vii). The issue is one of first impression. For the reasons set out below, the court will not consider the weight of plant "stalks" if enhancement of sentence should prove necessary.

Defendants are charged with the manufacture and possession with intent to distribute a controlled substance, marijuana, in violation of 21 U.S.C. § 841(a). The indictments notify defendants that the Government intends to seek enhancement of defendants' punishment under 21 U.S.C. § 841(b)(1)(A)(vii) since it is charged that the amount of marijuana exceeded 1,000 kilos. The indictment charges that the Government seized approximately 1,770 marijuana plants weighing approximately 5,600 pounds. At the time it was seized, the marijuana was in various places: some of it was growing in two fields, some of it was located in a truck, and some of it was drying in two sheds. The plants were weighed, including the stalks, samples were taken, and then the remainder was burned. The defendants argue that the "mature stalks" and other materials which are specifically excluded from the definition of marijuana set out in 21 U.S.C. § 802(16) must be excluded in considering whether this is an appropriate case for sentence enhancement.

■ 21 U.S.C. § 841 provides for sentence enhancement in, *inter alia,* the following circumstances:

(b) *Penalties.*

(1)(A) In the case of a violation of subsection (a) of this section involving—(vii) 1,000 kilograms of more of a mixture or substance containing a detectable amount of marihuana;

21 U.S.C. § 841(b)(1)(A)(vii). The Government argues that the entire plants, including the stalks, constitute "a mixture or substance containing a detectable amount of marijuana", and therefore the entire weight must be considered if the question of enhancement arises.

Defendants contend that in interpreting the enhancement provision, the definitional section of the Act must be taken into account. In the definitional section "marihuana" is defined thusly:

The term "marihuana" means all parts of the plant, Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds or resin. Such term does not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination.

21 U.S.C. § 802(16).

The enhancement provision was enacted as part of the Narcotics Penalties and Enforcement Act of 1986. The legislative history of the Act indicates that one of its principal purposes was to attack major drug traffickers, the manufacturers or heads of organizations, who are responsible for creating and delivering very large quantities of drugs. H.R.REP. No. 99–845, Part I, 99th Cong., 2d Sess. 11 (1986). The legislative history also makes one short reference that sheds some light on the legislative intent in using the term "substance or mixture":

... The Committee's statement of quantities is of mixtures, compounds or preparations that contain a detectable amount of the drug—these are not necessarily quantities of pure substance. One result of this market-oriented approach is that the Committee has not generally related these quanities to the number of doses of the drug that might be present in a given sample. The quantity is based on the minimum quantity that might be con-

trolled or directed by a trafficker in a high place in the processing or distribution chain. The Committee was advised by U.S. Attorneys that to prove these kinds of cases there is no sufficiency of the evidence requirement that they need to introduce into evidence a minimum quantity of drugs. The testimony of witnesses that large quantities were bought and sold, or ordered bought and sold, is sufficient.

*Id.,* at p. 12.

In reviewing the legislative history, it appears to the court that the term "substance or mixture" is used in an effort to facilitate the "market-oriented" approach to the sale of large quantities of drugs which Congress has chosen to adopt. In other words, if a defendant sold in a finished form over 1,000 kilos of a substance or mixture containing a detectable amount of marijuana, his sentence might be enhanced, even if non-marijuana elements were contained in the mixture. I am of the opinion that a "market-oriented" approach necessarily assumes that the substance or mixture is one which is in some form that is readily marketable.

The problem in this case is that the defendants were arrested and marijuana seized at a stage before it had been turned into a readily marketable or consumable product. The product would not have been in such a state in this case until the leaves had been stripped from the stalks of the plants. Obviously, the stalks would make up a great portion of the weight of the entire plants, perhaps even an over-whelming portion of the weight.

Given the exclusion of the plant stalks from the definition of marijuana in § 802(16), the only logical conclusion that the court can reach is that Congress did not intend plant stalks (at least before the plants have been stripped) to be included in calculating the amount of marijuana for purposes of enhancement under 21 U.S.C. § 841(b)(1)(A)(vii). Including the stalks in the enhancement weight in this case would produce the ludicrous result that marijuana growers caught early in the manufacturing process (*i.e.,* before they were able to strip the plants) would be subject to a severe enhancement penalty while another grow-

er, caught with exactly the same amount of stripped marijuana, might not be. There is no reason to believe that Congress intended the severity of the punishment to be dependent upon the stage of manufacture at which the marijuana was seized and I cannot believe that Congress intended such a patently unfair result.

■ This is not to say that stalks can never be included in a "mixture containing a detectable amount of marijuana". Obviously, if a mixture, already in a market-ready form, contained both stalks and all other parts of the plant, it could still be a "mixture" within the meaning of 21 U.S.C. § 841(b)(1)(A) as long as it contained a detectable amount of "marijuana". Thus, a marijuana seller who ground up the stalks into his mixture could not escape the effects of the enhancement statute. This result is entirely consistent with the "market approach" Congress has chosen to adopt.

Accordingly, defendants' motion is GRANTED. The court will not consider the weight of plant "stalks" and other substances not included with the definition of "marihuana" in 21 U.S.C. § 802(16) if enhancement of sentence should prove necessary in this case.

Order accordingly.