UNITED STATES of America, Plaintiff,

v.

Rafael A. CASTILLO, Defendant.

No. 87–797–CR.

United States District Court,
S.D. Florida.

Oct. 27, 1988.

David Lichter, Asst. U.S. Atty., Miami, Fla., for the U.S.

Roy J. Kahn, Miami, Fla., for defendant.

## AMENDED MEMORANDUM OPINION

SCOTT, District Judge.

### I. *Procedural History*

The Defendant, Rafael A. Castillo ("Castillo"), was charged in a two count indictment. Count I charged Castillo with knowingly and intentionally possessing, with intent to distribute, a quantity of marijuana in violation of Title 46 U.S.C.App. § 1903(a). Count II charged Castillo with knowingly and willfully conspiring to possess, with intent to distribute, a quantity of marijuana in violation of Title 46 U.S.C. App. § 1903(j).

On January 25, 1988, the Government rested the presentation of its evidence. Thereupon, Defendant Castillo timely moved the Court to enter a Judgment of Acquittal alleging: (1) that the Government presented insufficient evidence to support a verdict of guilty as to each Count, and (2) that the evidence at trial was insufficient for the case to be presented to the jury as charged. At the conclusion of all the evidence, Castillo renewed his Motion for Judgment of Acquittal. The Court denied Castillo's Renewed Motion but reserved its decision on his Motion relating to the reduction of the charges. The jury returned a verdict of guilty on both Counts charged in the Indictment. This Court then requested counsel to submit memoranda pertaining to Castillo's Motion for Reduction of the Charges.

### II. *Legal Analysis*

Castillo's Motion requires this Court to determine whether the evidence supports a finding that the substance involved contained a detectable amount of marijuana and whether this substance was in an amount greater than one thousand (1,000) kilograms.[1]

At trial, the evidence established that approximately one thousand seven hundred and sixty (1,760) kilograms, of "substance" containing a detectable amount of marijuana, was confiscated from the vessel upon which Castillo was arrested. Notwithstanding this proof, Castillo now contends that the Government failed to prove, beyond a reasonable doubt, that the "substance" seized was an amount in excess of one thousand (1,000) kilograms. Having thoroughly considered the evidence presented at trial, we find Castillo's contention wholly unpersuasive.

The substantive crimes which Castillo has been charged with can be proven without consideration as to the amount of marijuana involved. *United States v. Simmons*, 725 F.2d 641 (11th Cir.1984). If,

---

1. 21 U.S.C. § 841 provides for sentence enhancement in, *inter alia*, the following circumstances:

   (b) Penalties

   (1)(A) In the case of a violation of subsection (a) of this section involving (vii) 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana. 21 U.S.C. § 841(b)(1)(A)(vii). Under this statutory provision, possession of one thousand (1,000) kilograms or more of a mixture containing a detectable amount of marijuana subjects the offender to a term of imprisonment which may not be less than ten (10) years or more than life, and if death or serious bodily injury results from the use of such substance, said term shall not be less than twenty (20) years nor more than life, a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $4,000,000 if the Defendant is an individual or $10,000,000 if the Defendant is other than an individual, or both.

however, the proof at trial established possession of more than one thousand (1,000) kilograms of a substance containing a detectable amount of marijuana, the enhanced penalty provision of 21 U.S.C. § 841(b)(1)(A)(vii) is applicable. *United States v. Miller*, 680 F.Supp. 1189 (E.D. Tenn.1988). It is this enhancement provision which Castillo now challenges.

To establish a predicate for an enhanced penalty, the Government need not re-establish the underlying elements of the substantive crimes. *Simmons*, 725 F.2d at 644. The Government need only show that the amount knowingly possessed with intent to distribute exceeds the threshold of one thousand (1,000) kilograms. *Miller*, at 1190. We find that the evidence presented by the Government satisfies this requirement beyond a reasonable doubt.

At trial, the Government's evidence consisted of one (1) bale of marijuana weighing approximately thirty (30) pounds or fourteen (14) kilograms (Exhibit 7), and ten (10) packages containing randomly selected samples from ten (10) different bales (Exhibit 10). In addition, the Government introduced the testimony of three (3) Coast Guard Officers, a special agent of the Vice President's Task Force, and a D.E.A. Chemist, all of whom clearly supported the finding that the contraband at issue exceeded the statutory threshold. In addition to the aforementioned persuasive testimony, this Court also notes that the enhancement statute, in its present form, merely requires that the "substance" in question contain *"a detectable amount of marijuana."* (emphasis added.) *See* 21 U.S.C. § 841(b)(1)(A)(vii).

### III. *Conclusion*

In accordance with the Jury verdict, we find that the trial record clearly supports the finding that over one thousand (1,000) kilograms of "substance" containing a detectable amount of marijuana was confiscated by the Government. Therefore, it is the conclusion of this Court that the enhanced statutory penalties of Title 21 U.S.C. § 841(b)(1)(A)(vii) are applicable in the instant case. Accordingly, the Defendant's motion is denied.

DONE and ORDERED.