**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Felipe BELTRAN–FELIX,
Defendant–Appellant.**

**No. 90–50079.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 9, 1990.

Decided May 28, 1991.

John Lanahan, Federal Defenders of San Diego, Inc., San Diego, Cal., for defendant-appellant.

Shane P. Harrigan and D. Thomas Ferraro, Asst. U.S. Attys., San Diego, Cal., for plaintiff-appellee.

Before NORRIS, HALL and RYMER, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Defendant Beltran–Felix pled guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Beltran–Felix was sentenced to a five-year term of imprisonment, and he

now appeals. A sentence in a criminal case is a final order subject to appeal under 28 U.S.C. § 1291. We affirm.

## I

Defendant Beltran–Felix was "cooking" methamphetamine when a large number of police officers unexpectedly dropped by and arrested him. Although Beltran–Felix was interrupted before he could finish "cooking," he does not assert that at the time of his arrest he possessed only chemicals that could be used to make methamphetamine. Rather, defendant possessed methamphetamine, though it had not yet been processed into its final form.

On May 5, 1989, defendant made bail and was released from custody. On June 7, 1989, defendant fled to Mexico and failed to appear for scheduled court proceedings. On September 18, 1989 defendant was once again apprehended, this time by the U.S. Marshal's Office.

On November 20, 1989 defendant entered a plea of guilty to possession with intent to distribute approximately 29 grams of methamphetamine contained in a liquid solution of 192 grams. The district court sentenced defendant under 21 U.S.C. § 841(b)(1)(B)(viii) to the mandatory minimum term of five years imprisonment and four years supervised release. The district court's interpretation of section 841(b)(1)(B)(viii) is reviewed de novo. *United States v. Valencia–Roldan,* 893 F.2d 1080 (9th Cir.1990), *cert. denied,* —— U.S. ——, 110 S.Ct. 2181, 109 L.Ed.2d 509 (1990).

## II

■ Section 841(b)(1)(B)(viii) mandates a minimum sentence of 5 years' imprisonment and 4 years' supervised release. This section applies to drug offenses involving

> 10 grams or more of methamphetamine, its salts, isomers, and salts of its isomers or 100 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

21 U.S.C. § 841(b)(1)(B)(viii). The statute thus imposes a minimum five-year term if a defendant possesses either 10 grams of methamphetamine, or 100 grams of a substance that contains methamphetamine.

Defendant argues that the statute's "100 gram" prong cannot be applied to him, pointing out that the 192 gram solution of methamphetamine that was the subject of his guilty plea "was not in a *distributable* state." Defendant claims that because the 192 grams of liquid solution was not yet readily marketable, it should not have been used by the district court to find that he possessed more than 100 grams of a mixture containing methamphetamine.

Defendant's argument directly contradicts the terms of section 841(b)(1)(B)(viii), which says the mandatory minimum applies to offenses involving "100 grams ... of a mixture ... containing a detectable amount of methamphetamine...." Since the statute conspicuously *does not* say 100 grams of a "marketable mixture," it would appear to encompass any mixture. Defendant, with his 192 gram amphetamine solution, falls within the statute's terms. And we do not find any language in the legislative history that requires us to read the phrase "a mixture or substance" to mean "a [readily marketable] mixture or substance."

*United States v. Miller,* 680 F.Supp. 1189 (E.D.Tenn.1988), *aff'd on other grounds,* 870 F.2d 1067 (6th Cir.1989), is not to the contrary. In *Miller* defendants were charged with possessing marijuana with intent to distribute. *Id.* at 1190. The defendants' sentences were to be enhanced if the court found that the violation involved 1000 kilograms of a mixture "containing a detectable amount of marijuana." *Id.* (citing 21 U.S.C. § 841(b)(1)(A)(vii)). The government argued that the "mature stalks" of growing plants that were seized should be considered along with the consumable portions of the plant to form a "mixture containing a detectable amount of marijuana." Defendants responded that since the provision defining "marihuana," 21 U.S.C. § 802(16), specifically excluded the plant's stalks, the stalk should not be

considered part of a "mixture containing marijuana" within the meaning of section 841(b)(1)(A)(vii). Although the *Miller* court did speak of a "market oriented approach," the court focused on section 802(16) in holding for defendants. 680 F.Supp. at 1191. Beltran–Felix cannot cite to any statutory provision that grants an exemption to the by-products of methamphetamine manufacture.[1]

### III

 Defendant argues that the district court erred in enhancing his penalty under section 3C1.1 of the Sentencing Guidelines by finding that he willfully impeded or obstructed justice in fleeing to Mexico while out on bail.[2] However, the length of defendant's sentence was not governed by the guidelines. Section 5G1.1(b) of the guidelines provides: "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." Since defendant's sentence of five years was the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B)(viii), any error the district court may have committed in calculating defendant's sentence under the guidelines did not harm defendant.

The district court's order is Affirmed.

---

1. Since defendant's conviction is sustained by section 841(b)(1)(B)(viii)'s second prong, we need not consider the defendant's argument that he is not liable under the first prong of subsection 841(b)(1)(B)(viii) because he did not possess 10 or more grams of "pure" methamphetamine.

2. This provision states:

If the defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense, increase the offense level by 2 levels. U.S.S.G. § 3C1.1.