963 F.2d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America Plaintiff-Appellee,
v.
John Albert DAVIS, Defendant-Appellant.
 No. 91-30256.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1992.*
Decided May 13, 1992.
 
 1
 Before WALLACE, Chief Judge,* GOODWIN, Circuit Judge, and LEVI**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Davis challenges the district court's failure to specify whether dead marijuana rootballs should be counted toward the applicable offense level under the Sentencing Guidelines, in violation of Fed.R.Crim.P. 32(c)(3)(D), as well as the court's inclusion of dead rootballs in its calculations for assigning Davis a base offense level.
 
 
 4
 Davis pled guilty to manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1). At the sentencing hearing, the district court assigned Davis a base offense level of 26 based on 95 growing marijuana plants, 95 marijuana rootballs, a bag containing approximately 8 1/4 pounds of dried marijuana buds, $1,091 in currency, and miscellaneous records and growing apparatus which were seized from Davis's home. Davis filed a motion for reconsideration, arguing that his base offense level should have been calculated at level 24 because the dead marijuana rootballs should not have been counted under U.S.S.G. § 2D1.1(a)(3). After a hearing, the district court determined that an offense level of 26 was appropriate.
 
 
 5
 The legality of a sentence is reviewed de novo. United States v. Pomazi, 851 F.2d 244, 247 (9th Cir.1988). In reviewing a sentence under the sentencing guidelines, we must determine, inter alia, whether the sentence was imposed as a result of an incorrect application of the guidelines or is outside the applicable guideline range and is unreasonable. See 18 U.S.C. § 3742(e); United States v. Sanchez-Lopez, 879 F.2d 541, 557 (9th Cir.1989). A district court's findings of fact are reviewed for clear error and due deference is given to the district court's application of the guidelines to the facts. Sanchez-Lopez, 879 F.2d at 557.
 
 I. RULE 32
 
 6
 Davis contends that the district court failed to make sufficient findings of fact regarding whether the rootballs should be considered, in violation of Fed.R.Crim.P. 32(c)(3)(D). Rule 32(c)(3)(D) provides:
 
 
 7
 If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no finding is necessary because the matter controverted will not be taken into account in sentencing.
 
 
 8
 In arguing to the district court that the marijuana rootballs should not be considered in determining his base offense level, Davis did not challenge any fact set forth in the presentence report. There was no dispute that 95 live marijuana plants were found along with 95 marijuana rootballs. Rather, Davis challenged the legal conclusion concerning the base offense level to be drawn from the facts in the presentence report.
 
 
 9
 A challenge to the application of the Sentencing Guidelines to an uncontested set of facts does not implicate Rule 32(c)(3)(D). The plain language of the rule indicates that it applies when "the comments of the defendant ... allege any factual inaccuracy in the presentence investigation report". Fed.R.Crim.P. 32(c)(3)(D) (emphasis added). Because Davis did not challenge any facts found in the report, the district court was not obligated to make Rule 32 findings with regard to the disputed matter.
 
 
 10
 II. CALCULATION OF DAVIS'S BASE OFFENSE LEVEL
 
 
 11
 Davis contends that the district court improperly applied the Sentencing Guidelines by including the dead marijuana rootballs, the dried marijuana buds, and the currency in calculating his base offense level. He argues that Congress did not intend to include marijuana roots in calculating the amount of marijuana for purposes of sentence enhancement. Consequently, Davis contends that only the 95 live plants should have been counted. This contention is without merit.
 
 
 12
 According to the drug quantity table set forth in U.S.S.G. § 2D1.1(c), for an offense involving 50 or more marijuana plants, each plant is treated as the equivalent of one kilogram of marijuana. Offenses involving between 100 and 400 kilograms of marijuana produce a base level offense of 26. See U.S.S.G. § 2D1.1(a)(3). In United States v. Turner, 898 F.2d 705 (9th Cir.), cert. denied, 495 U.S. 962 (1990), we noted that determining the applicable offense level requires a two-step process: "First, the court applies the offense guideline section in Chapter Two most applicable to the offense of conviction. Second, the court determines the applicable range (or offense level) in accordance with the Relevant Conduct section, § 1B1.3." Id. at 710 n. 3 (citations omitted). Guideline section 2D1.1(a)(3) indicates that Davis should receive a base offense level of 24 based on the 95 live marijuana plants. Next, the sentencing court must look to the Relevant Conduct section to ascertain whether the base offense level should be enhanced.
 
 The Relevant Conduct section provides:
 
 13
 [T]he base offense level ... shall be determined on the basis of the following:
 
 
 14
 .............................................................
 
 
 15
 ...................
 
 
 16
 * * *
 
 
 17
 (2) solely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts, all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction....
 
 
 18
 U.S.S.G. § 1B1.3(a)(2). Such relevant conduct includes drug quantities contained in dismissed counts of an indictment, see United States v. Restrepo, 903 F.2d 648, 653 (9th Cir.1990), aff'd in relevant part, 946 F.2d 654 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 1564 (1992), and other quantities of drugs involved in the same course of conduct or common scheme or plan, see United States v. Motz, 936 F.2d 1021, 1026 (9th Cir.1991).
 
 
 19
 The rootballs constituted evidence of an ongoing marijuana manufacturing operation involving at least the 95 dead plants. Davis also admitted that he had been involved in past marijuana growing and possessed a personal journal with entries referring to manufacturing marijuana. This evidence supported the conclusion that the operation was an ongoing course of conduct involving more than the single occasion of growing 95 plants. The district judge properly concluded that the 95 rootballs should be aggregated with the live marijuana plants to determine the defendant's base offense level.
 
 
 20
 Davis further alleges that the district court did not make a factual finding as to the 8 1/4 pounds (3.73 kilograms) of marijuana buds or the $1,091 currency and could not consider these items in assigning him a base offense level. As previously discussed, Fed.R.Crim.P. 32(c)(3)(D) is not implicated. Under the Relevant Conduct section of the Sentencing Guidelines, the district court was obligated to consider the 3.73 kilograms of marijuana buds, and base Davis's offense level on 98.73 kilograms of marijuana, plus the currency which evidenced repeated sales of marijuana.
 
 
 21
 Davis's reliance on United States v. Miller, 680 F.Supp. 1189 (E.D.Tenn.1988) is misplaced. Congress overruled Miller by amending 21 U.S.C. § 841(b)(1)(A) and (B) in November 1988 to clarify that harsher sentences apply when the marijuana manufacturer has "100 or more marijuana plants, regardless of weight." The Sentencing Commission imitated Congress and determined that for sentencing purposes, each marijuana plant should be considered one kilogram of marijuana. U.S.S.G. § 2D1.1(c).[1] Since dead plants fall within the definition of marijuana,[2] the district judge properly counted the dead rootballs in determining Davis's base offense level to be 26. The district court's conclusion that over 100 plants were involved was not error.
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable David F. Levi, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 1 U.S.S.G. 2D1.1(c) provides: "In the case of an offense involving marijuana plants, if the offense involved (A) 50 or more marijuana plants, treat each plant as equivalent to 1 KG of marijuana; (B) fewer than 50 marijuana plants, treat each plant as equivalent to 100 G of marijuana. Provided, however, that if the actual weight of the marijuana is greater, use the actual weight of the marijuana." (emphasis in original).
 
 
 [2]
 Marijuana is defined to include "all parts of the plant Cannabis sativa L., whether growing or not" 21 U.S.C. § 802(16). Because the Sentencing Guidelines follow the same approach for marijuana plants as the statute, this term applies as well to the term "marijuana" as used in the Sentencing Guidelines