129 F.3d 128
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William John BRINTON, Defendant-Appellant.
 No. 96-56522.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 8, 1997.
Decided Oct. 29, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, No. CR-89-00759-TJH; Terry J. Hatter, Jr., District Judge, Presiding.
 
 
 2
 Before: HALL and T.G. NELSON, Circuit Judges, and WINMILL,** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 William John Brinton appeals the district court's denial of his 28 U.S.C. § 2255 motion claiming ineffective assistance of counsel. Brinton also claims that the district court abused its discretion by denying Brinton's § 2255 motion without an evidentiary hearing. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255. We conclude that Brinton has failed to show prejudice resulting from the alleged ineffective assistance, and that no evidentiary hearing was necessary. Accordingly, the order of the district court is affirmed.
 
 A. Ineffective Assistance of Counsel
 
 5
 A defendant claiming ineffective assistance of counsel must demonstrate prejudice by reason of the counsel's actions. Strickland v. Washington, 466 U.S. 668, 687 (1984). Because Brinton received the mandatory minimum sentence, and he has not shown that any lesser sentence was possible or was ever made available to him, he was not prejudiced by his counsel's actions and his ineffective assistance of counsel claim fails.
 
 
 6
 1. Failure to Argue for Exclusion of Unmarketable Waste Product.
 
 
 7
 The marketability of the methamphetamine is not an element of the crime. Further, the 1988 guidelines under which Brinton was sentenced refer to "any mixture of a compound [that] contains any detectable amount of a controlled substance." U.S.S.G. § 2D1.1 n. 1 (1988) (emphasis added). The mixture in this case averaged at least 26.5% methamphetamine which is certainly a detectable amount. The unmarketability of the mixture due to toxic contaminants does not require that the entire mixture be ignored for sentencing purposes. United States v. Innie, 77 F.3d 1207, 1209 (9th Cir.1996); United States v. Beltran-Felix, 934 F.2d 1075, 1076 (9th Cir.1991).
 
 
 8
 Even using the 26.5% figure from Brinton's expert, this amounts to a little over 636 grams of methamphetamine. Since this is well above the 100 grams necessary to invoke the ten-year statutory minimum which Brinton received, he cannot show that the result would have been different but for his counsel's error.
 
 
 9
 Failure to Raise Objections to the Conversion of Ephedrine to Methamphetamine.
 
 
 10
 Even without the conversion, Brinton still would have been subject to the mandatory minimum on the basis of the 2,401 grams. Since Brinton's sentence would have remained the same regardless of whether the ephedrine was converted or not, he cannot show prejudice and his claim fails.
 
 
 11
 3. Lack of Proper Information Concerning Plea Agreement.
 
 
 12
 To show the requisite Strickland prejudice here, Brinton must show that the plea agreement would have been accepted by the Government. See Clark v. Lewis, 1 F.3d 814, 823 (9th Cir.1993). At the time a possible plea bargain was discussed, it was made clear to Brinton's attorney that any agreement would have to be approved by Assistant United States Attorney Alarcon's supervisor and that no formal plea offer had been made. Brinton's attorney understood that Alarcon did not have the authority to make a formal plea offer and would have to gain approval from his supervisor. He communicated this to Brinton who then declined further negotiations with the Government.
 
 
 13
 The Government presented a declaration by Alarcon's supervisor, James Walsh, that, given the circumstances of the case, a negotiated disposition of the case for five years imprisonment would have been against policy and would not have been approved by him. Brinton attempts to rebut Walsh's declaration by claiming that it contradicts the dispositions in similar cases which were routinely approved by the Government in 1989 and 1990. To support this assertion, Brinton cites three cases, only two of which are from the Central District of California, in which the Government approved plea bargains for less than the statutory minimum.
 
 
 14
 These cases do little, if anything, to rebut Walsh's declaration. Brinton offers no reason to believe that these cases were in any way factually similar to his. More importantly, without knowing the number of factually similar cases in which plea bargains less than the statutory minimum were rejected, it is impossible to tell if the cases listed represent the exception or the rule. Because Brinton has failed to rebut Walsh's declaration that the plea in question would not have been approved, Brinton has failed to show the prejudice necessary to sustain his § 2255 motion. See Clark, 1 F.3d at 823 (holding that claim of prejudice does not meet Strickland test when defendant fails to rebut prosecutor's declaration that the plea would have been rejected).
 
 
 15
 4. Failure to Explain the Risks of Going to Trial.
 
 
 16
 Brinton was sentenced to the statutory minimum. This is the best he could have hoped for--whether he had pled guilty or gone to trial. Because Brinton has not established a reasonable probability that he would have been offered a plea bargain of less than ten years, he has not shown that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.
 
 
 17
 Brinton's reliance on Alvernaz v. Ratelle, 831 F.Supp. 790 (S.D.Cal.1993), is misplaced. In Alvernaz, the defendant was told he risked an eight-year sentence by going to trial when in fact he was given an indeterminate life sentence. The fact that Brinton received the statutory minimum distinguishes his case from Alvernaz.
 
 
 18
 B. Denial of the § 2255 Motion Without an Evidentiary Hearing
 
 
 19
 Brinton wanted to cross-examine the Government's chemist regarding the testing of the samples. However, the record clearly establishes that both the Government's and Brinton's experts tested samples from the same exhibit,[1] and both experts used gas chromatography to determine the amount of methamphetamine in the samples. Since these facts were already established in the record, an evidentiary hearing was not required. See Shah v. United States, 878 F.2d 1156, 1159 (9th Cir.1989) (stating that no evidentiary hearing is required when the issue of credibility can be decided on the basis of evidence in the record).
 
 
 20
 Brinton also wanted to examine the chemist regarding his opinion that the explosion was the result of an aborted methamphetamine synthesis. However, Brinton's attorney cross-examined him on two occasions regarding this opinion. The judge who heard the § 2255 motion was also the trial judge who observed the testimony. Because the credibility of the opinion could be determined from the record as well as the judge's own recollection, no evidentiary hearing was required. See Shah, 878 F.2d at 1159 (judge may rely on his own recollection to supplement the record, rather than conduct a hearing).
 
 
 21
 Likewise, no evidentiary hearing was required regarding the chemist's opinion that the material found was the finished product of methamphetamine synthesis. This is simply the marketability argument again. Both defense and Government experts agreed that the mixture contained some methamphetamine. The fact that the mixture may or may not have been in a state suitable for marketing is irrelevant. Innie, 77 F.3d at 1209; see also Beltran-Felix, 934 F.2d at 1076. Because the marketability argument presents no basis for relief, an evidentiary hearing was not required. See Shah, 878 F.2d at 1159.
 
 
 22
 Finally, the district court did not abuse its discretion in denying Brinton's request to examine James Walsh. It is undisputed that no formal plea offer was ever made. Brinton can only question Walsh's assertion that the five-year deal discussed would have been against policy and thus not approved. For the reasons discussed above, Brinton's showing is insufficient to raise a factual issue as to the policy. The district court was well aware of the practices of the United States Attorney's office in question regarding plea bargains. The vague and conclusory nature of the information presented by Brinton to rebut Walsh's declaration, along with the district court's common sense analysis of the situation, made an evidentiary hearing unnecessary. See Shah, 878 F.2d at 1159 (holding that judges may use common sense determinations rather than hold a hearing).
 
 
 23
 AFFIRMED.
 
 
 
 **
 Honorable B. Lynn Winmill, United States District Judge for the District of Idaho, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Government's expert refers to testing Exhibit 19A while Brinton's expert refers to Exhibit 18. The record shows that 19A is a sample taken from Exhibit 18