**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James H. BEAUCHMAN, Defendant–Appellant.**

**No. 05–30572.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2006.

Filed Nov. 30, 2006.

588

Helen J. Brunner, Esq., Jill Otake, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Jeffrey Erwin Ellis, Ellis Holmes & Witchley, PLLC, Seattle, WA, for Defendant–Appellant.

Before: RYMER, BERZON, and TALLMAN, Circuit Judges.

MEMORANDUM *

A jury convicted James H. Beauchman of conspiring to manufacture 500 or more grams of methamphetamine, in violation of 21 U.S.C. §§ 841 and 846, and of possessing two firearms "in furtherance" of his drug trafficking crimes, in violation of 18 U.S.C. § 924. On appeal, Beauchman challenges the sufficiency of the evidence used to convict him on these two counts. Because the government presented ample evidence during Beauchman's trial to support the jury's findings, we affirm both convictions. We also hold that Beauchman's Sixth Amendment right to counsel was not violated when the government presented evidence of an inculpatory statement Beauchman made, post-indictment and without counsel, to a federal agent. Finally, we do not address Beauchman's

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

sentencing-related claim because he has waived the issue.

## I.

■ Beauchman first argues that the government failed to present sufficient evidence that he conspired to manufacture 500 or more grams of methamphetamine because it produced only 9.8 grams of pure methamphetamine from a flask police seized from Beauchman's garage. That flask, however, contained 1500 grams of a substance which, according to trial testimony from the state's forensic scientist, contained detectable amounts of methamphetamine. When deciding the statutory minimum sentence mandated by 21 U.S.C. § 841 in cases involving methamphetamine, we consider the full weight of a "mixture or substance" and not simply that portion of the mixture that is "readily marketable" or "distributable." *See United States v. Beltran–Felix,* 934 F.2d 1075, 1076 (9th Cir.1991). As a result, presenting evidence that a 1500–gram mixture contained detectable amounts of methamphetamine is sufficient to convict Beauchman of conspiring to manufacture 500 or more grams.

Beauchman argues that *Beltran–Felix* is no longer good law following the Supreme Court's decision in *Chapman v. United States,* 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991). The two cases, however, do not irreconcilably conflict. Like *Beltran–Felix, Chapman* held that because § 841(b) "refers to a 'mixture or substance' containing a detectable amount," as long as some portion of the seized mixture or substance "contains a detectable amount, the entire mixture or substance is to be weighed when calculating the sentence." 500 U.S. at 459, 111 S.Ct. 1919. That *Chapman* did not undermine *Beltran–Felix* is further supported by subsequent Ninth Circuit cases that

have recognized *Beltran–Felix's* continuing viability. *See, e.g., United States v. Innie,* 7 F.3d 840, 845–47 (9th Cir.1993); *United States v. Robins,* 967 F.2d 1387, 1389–90 (9th Cir.1992).

Beauchman also argues that *Beltran–Felix* is no longer good law following a 1993 amendment to § 2D1.1 of the Sentencing Guidelines. A change in the manner that sentences are calculated under the Guidelines, however, does not require a change in the manner that mandatory minimum sentences are calculated under § 841. *See Neal v. United States,* 516 U.S. 284, 290, 116 S.Ct. 763, 133 L.Ed.2d 709 (1996); *United States v. Sprague,* 135 F.3d 1301, 1306 n. 4 (9th Cir.1998).

In short, because *Beltran–Felix* remains good law, Beauchman's conviction for conspiring to manufacture 500 or more grams of methamphetamine must stand.

## II.

■ We also affirm Beauchman's conviction under 18 U.S.C. § 924(c) for possession of two firearms "in furtherance" of his drug trafficking crimes. The government presented sufficient evidence to establish the requisite "nexus between the guns discovered and the underlying offense," such that the jury was able to conclude that "the defendant *intended* to use the firearm[s] to promote or facilitate the drug crime." *See United States v. Rios,* 449 F.3d 1009, 1012 (9th Cir.2006) (citing *United States v. Krouse,* 370 F.3d 965, 967–68 (9th Cir.2004)). Specifically, Beauchman's firearms were found loaded and stashed in a bedroom closet that housed numerous unopened boxes of cold and sinus tablets containing pseudoephedrine, as well as *other drug manufacturing paraphernalia.* In the adjoining bedroom, police found 66.3 grams of pure methamphetamine, more cold and sinus tablets, another loaded firearm, and other drug

paraphernalia items. Because this evidence speaks to the "proximity, accessibility, and strategic location of the firearms in relation to the locus of drug activities," *Rios,* 449 F.3d at 1012, it sufficiently supports the jury's finding that Beauchman possessed his firearms "in furtherance" of his drug-trafficking activities. Beauchman's conviction under § 924(c) is, therefore, affirmed.

### III.

Next, Beauchman argues that his Sixth Amendment right to counsel was violated when the government used during trial an inculpatory statement Beauchman made, post-indictment and outside the presence of counsel, to a federal agent. Because Beauchman presented no evidence that the agent "deliberately elicited" the statement, his Sixth Amendment claim fails. *See Fellers v. United States,* 540 U.S. 519, 524, 124 S.Ct. 1019, 157 L.Ed.2d 1016 (2004); *Massiah v. United States,* 377 U.S. 201, 206, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964).

### IV.

Finally, Beauchman argues that his case should be remanded for resentencing because the sentencing judge failed to consider sufficiently the factors enumerated in 18 U.S.C. § 3553(a). Beauchman, however, did not raise this issue in his opening brief. The claim has therefore been waived. *See Eberle v. City of Anaheim,* 901 F.2d 814, 818 (9th Cir.1990).

**AFFIRMED.**

*This case was not selected for publication in the Federal Reporter*