UNITED STATES of America, Plaintiff–Appellee,

v.

Carl JENNINGS and John Stepp, Defendants–Appellants.

Nos. 90–3503, 90–3504.

United States Court of Appeals, Sixth Circuit.

April 28, 1992.

Before: MARTIN and NELSON, Circuit Judges; and WELLFORD, Senior Circuit Judge.

ORDER

On September 16, 1991, we issued an opinion in this case. 945 F.2d 129. On page 135, footnote 1 of the opinion, we stated that "[t]he version of the [sentencing] guidelines in effect at the time of sentencing is ordinarily applied." This court has stated, however, that when the sentencing guidelines in effect at the time of sentencing provide for a higher range than those guidelines in effect at the time the crime was committed, an ex post facto problem exists and a court must not impose a sentence in excess of that allowed by the older guidelines. *United States v. Nagi,*

947 F.2d 211, 213 n. 1 (6th Cir.1991) (citing *Miller v. Florida,* 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987)). In the present case, if the 1990 guidelines provide a higher sentencing range than the 1987 guidelines, the district court should sentence the defendants under the 1987 guidelines to avoid ex post facto problems.