**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Larry D. RICHARDS, Defendant–
Appellee.**

No. 92–4197.

United States Court of Appeals,
Tenth Circuit.

Sept. 23, 1993.

Wayne T. Dance, Asst. U.S. Atty. (David J. Jordan, U.S. Atty., with him on the briefs), Salt Lake City, UT, for plaintiff-appellant.

Loni F. DeLand, McRae & DeLand, Salt Lake City, UT, for defendant-appellee.*

Before MOORE, ANDERSON, and BALDOCK, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

The United States appeals the grant of Larry D. Richards' motion to correct his sentence pursuant to 28 U.S.C. § 2255. The government argues on appeal that Richards' motion was procedurally barred for his failure to raise the issue on direct appeal or in an earlier § 2255 motion, and that the original sentence was correctly determined. Because we agree that Richards' motion is an abuse of the writ, we reverse without deciding the other issues presented by this appeal.

## BACKGROUND

Richards pled guilty to possession of 1 kilogram or more of a mixture containing a detectable amount of methamphetamine, with intent to manufacture methamphetamine in powder form, in violation of 21 U.S.C.

§ 841(a). He was sentenced to 188 months of imprisonment and five years of supervised release. *United States v. Richards,* No. 89–CR–168A (D.Utah Aug. 9, 1990). Richards subsequently filed a § 2255 motion that was denied. *Richards v. United States,* No. 90–CV–1079A (D.Utah Dec. 11, 1991).

Richards then filed a second § 2255 motion, claiming that the court had misapplied the federal sentencing guidelines by including the weight of unmarketable and unusable waste water along with the weight of extractable methamphetamine in determining the base offense level. The district court granted Richards' motion and subsequently resentenced Richards to 60 months of imprisonment and five years of supervised release. *Richards v. United States,* 796 F.Supp. 1456. (D.Utah 1992). The government filed a timely notice of appeal.

## DISCUSSION

■ The abuse of the writ doctrine prohibits Richards' second § 2255 motion unless he excuses his failure to raise the issue earlier by showing "cause for failing to raise it and prejudice therefrom" or by showing that a "fundamental miscarriage of justice would result from a failure to entertain the claim." *McCleskey v. Zant,* 499 U.S. 467, ——, ——, 111 S.Ct. 1454, 1465, 1470, 113 L.Ed.2d 517 (1991). The government adequately pleaded abuse of the writ in response to Richards' second motion. *See id.* 499 U.S. at ——, 111 S.Ct. at 1470.

■ Richards offers as cause the lack of a reasonable basis for his claim until after he filed his first § 2255 motion. *See Reed v. Ross,* 468 U.S. 1, 16, 104 S.Ct. 2901, 2910, 82 L.Ed.2d 1 (1984) ("[W]here a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim...."). He contends that he did not have a reasonable basis for his claim that the weight of waste products should not. be included until similar claims were upheld in several circuit court decisions following *Chapman v. United States,* —— U.S. ——,

---

* Appellant presented oral argument to the court. Appellee moved to submit on the briefs. The court granted appellee's motion and ordered the case submitted on the briefs.

111 S.Ct. 1919, 114 L.Ed.2d 524 (1991). The district court agreed, concluding that Richards was not barred from raising this issue in a second motion because "there would have been no viable legal basis" for the argument until after these decisions. *Richards*, 796 F.Supp. at 1458 n. 4.

The mere fact that others had not raised this issue first is not sufficient cause. "[T]he question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all." *Smith v. Murray*, 477 U.S. 527, 537, 106 S.Ct. 2661, 2667, 91 L.Ed.2d 434 (1986). Although *Chapman* itself did not change the law regarding inclusion of waste products in a drug mixture, several circuits have relied on its market-oriented perspective in ruling that the weight of waste products should not be included. *See, e.g., United States v. Jennings*, 945 F.2d 129, 136–37 (6th Cir.1991), *modified*, 966 F.2d 184 (6th Cir.1992). *Chapman*'s market-oriented explanation of federal sentencing for drug crimes was not new, however. In fact, this circuit had given the same explanation before Richards filed his first motion. *See United States v. Mendes*, 912 F.2d 434, 439 (10th Cir.1990). Furthermore, at least one case had accepted a similar argument long before Richards was convicted. *See United States v. Miller*, 680 F.Supp. 1189 (E.D.Tenn.1988) (concluding that Congress's market-oriented approach "necessarily assumes that the substance or mixture ... is in some form that is readily marketable" and thus not including the weight of marijuana stalks), *aff'd*, 870 F.2d 1067 (6th Cir.1989). Both the argument and the principle on which it rests therefore were available to Richards. His belief that it was unlikely to succeed does not excuse his failure to raise the issue. *See Engle v. Isaac*, 456 U.S. 107, 130, 102 S.Ct. 1558, 1573, 71 L.Ed.2d 783 (1982).

■ Richards also argues that failure to consider his claim would be a fundamental miscarriage of justice because it is not proportionate to his culpability. A "fundamental miscarriage of justice" in this context, however, means only that the petitioner is actually innocent of the offense. *See Murray v. Car-*

*rier*, 477 U.S. 478, 495–96, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986). Richards does not claim to be actually innocent of the offense for which he was convicted; he claims only that he should have received a lesser sentence. A person cannot be actually innocent of a noncapital sentence, however. *See Sawyer v. Whitley*, ─ U.S. ─, ─ ─ ─, 112 S.Ct. 2514, 2519–20, 120 L.Ed.2d 269 (1992) (explaining that "[i]n the context of a noncapital case, the concept of 'actual innocence' is easy to grasp" because it simply means the person didn't commit the crime); *Estrada v. Witkowski*, 816 F.Supp. 408, 414 (D.S.C.1993). *But see Jones v. Arkansas*, 929 F.2d 375, 381 & n. 16 (8th Cir.1991) (suggesting that one might be actually innocent of a sentence in some circumstances).

■ Even if innocence of a noncapital sentence were a "fundamental miscarriage of justice," Richards' abuse of the writ would not be excused on this ground. The law in this circuit has not changed. We have consistently held that the weight of waste products from the drug manufacturing process should be included in computing the base offense level under section 2D1.1 of the federal sentencing guidelines. *See United States v. Dorrough*, 927 F.2d 498, 502 (10th Cir.1991); *United States v. Callihan*, 915 F.2d 1462 (10th Cir.1990). Although several circuits did change their law following *Chapman, Chapman* itself did not contradict our previous decisions and compel a change in the law of this circuit. That decision did not deal with the elements involved in the drug manufacturing process, nor did it identify any elements of a mixture that should not be included in computing total mixture weight. *Chapman* simply explained why Congress rationally included the weight of the carrier medium along with the weight of the drug. *Chapman*, ─ U.S. ─, 111 S.Ct. 1919. Richards therefore would be innocent of his sentence only if we changed our law in ruling on his motion. A petitioner may not use the fundamental miscarriage of justice exception to challenge existing law on the theory that if the court agrees and changes the law, the petitioner would then be actually innocent. Otherwise a petitioner could freely bring successive petitions arguing that the law should

be changed in such a way, without any excuse for failing to challenge the law earlier. This would stretch the miscarriage of justice exception far beyond its "narrow scope" of "actual as compared to legal innocence." *Sawyer,* —— U.S. at ——, 112 S.Ct. at 2519.[1]

We therefore vacate the district court's order granting Richards' § 2255 motion and reinstate the sentence originally imposed by the district court.

---

**1.** We also reject Richards' suggestion that this appeal is moot because a proposed amendment to the sentencing guidelines will retroactively apply to exclude the weight of the waste products in determining his sentence. The amendment is not yet in effect, nor has the U.S. Sentencing Commission decided whether to apply the amendment retroactively pursuant to U.S.S.G. § 1B1.10. If the amendment does become effective and the Sentencing Commission does apply it retroactively, Richards may have a remedy under 18 U.S.C. § 3582(c)(2). The pending amendment does not affect our decision on this appeal.