25 F.3d 1056
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gernorris W. DIXON, Petitioner-Appellant,
v.
Jack COWLEY; Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 93-6187.
 United States Court of Appeals, Tenth Circuit.
 May 2, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before BALDOCK and McKAY, Circuit Judges, and BROWN,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner Gernorris W. Dixon appeals from an order of the district court denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. 2254. We affirm.
 
 
 4
 Petitioner pled guilty to unlawful distribution of cocaine, conspiracy to distribute cocaine, and possession of cocaine. He was sentenced to three eight-year terms of imprisonment to run consecutively. Petitioner did not apply to withdraw his plea, see Okla. Stat. tit. 22, ch. 18, app. rule 4.1, nor did he file a petition for certiorari from his conviction, see Okla. Stat. tit. 22, 1051(a). Petitioner did file three applications for post-conviction relief. The third one was denied on the grounds that petitioner had not shown he was entitled to post-conviction relief because he had failed to comply with state procedural rules.
 
 
 5
 Petitioner then commenced this federal habeas action in which he alleged his convictions were illegal in that they subjected him to double jeopardy. The district court dismissed the petition on the grounds of procedural bar.
 
 
 6
 "On habeas review, we do not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless cause and prejudice or a fundamental miscarriage of justice is shown." Steele v. Young, 11 F.3d 1518, 1521 (10th Cir.1993); see also Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991)(federal courts will not review question of federal law when state court declined to address federal claims because prisoner failed to meet state procedural requirement); Y1st v. Nunnemaker, 111 S.Ct. 2590, 2593 (1991)(when state court is prevented from reaching merits of federal claim because of procedural default, claim cannot ordinarily be reviewed in federal court). The procedural bar applied here was clearly an independent state ground as it was the exclusive basis for the state court's holding. See Steele, 11 F.3d at 1521.
 
 
 7
 In district court, petitioner attempted to show cause for his default by stating he did not know the legal basis for his claim during the time set for taking an appeal. Failure to recognize the factual or legal basis for a claim does not provide cause for a procedural default. Murray v. Carrier, 477 U.S. 478, 486-87 (1986). Further, Oklahoma courts have consistently "applied the procedural bar of Okla. Stat. tit. 22, 1086 to untimely double jeopardy claims." Steele, 11 F.3d at 1522.
 
 
 8
 Finally, petitioner has not shown that denial of federal habeas review would result in a fundamental miscarriage of justice. Petitioner claims he is innocent of the sentence. In a noncapital case, the petitioner must claim actual innocence of the crime itself to show a fundamental miscarriage of justice. See United States v. Richards, 5 F.3d 1369, 1371 (10th Cir.1993)(citing Sawyer v. Whitley, 112 S.Ct. 2514, 2519-20 (1992)). Petitioner has made no such claim. See Steele, 11 F.3d at 1522.
 
 
 9
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation