52 F.3d 338
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Respondent-Appellee,
v.
Alvin G. GARRETT, Petitioner-Appellant.
 No. 94-6352.
 United States Court of Appeals, Tenth Circuit.
 April 24, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 The petitioner, Alvin Glen Garrett, brings this habeas corpus petition seeking modification of his sentence. We have jurisdiction pursuant to 28 U.S.C. 1291, and, for the reasons that follow, affirm the district court's order denying the requested relief.
 
 BACKGROUND
 
 3
 On January 19, 1990, Mr. Garrett entered a plea of guilty to one count of possession with intent to distribute roughly one-half ounce of crack cocaine and aiding and abetting, in violation of 21 U.S.C. 841(a)(1) and 18 U.S.C. 2. A presentence report was prepared and, as is relevant for purposes of this proceeding, the district court did not grant Mr. Garrett a two-point reduction for acceptance of responsibility and assessed a two-point increase for Mr. Garrett's role as a manager or supervisor. No direct appeal was taken.
 
 
 4
 On November 29, 1991, Mr. Garrett filed his first post-conviction motion pursuant to 28 U.S.C. 2255 alleging errors in the calculation of his guideline range with respect to acceptance of responsibility and role in the offense. The issue of ineffective assistance of counsel was briefed in relation to the claim that his attorney failed to file a notice of appeal despite Mr. Garrett's request he do so. The district court rejected the allegation of ineffective assistance of counsel and dismissed the action.
 
 
 5
 Mr. Garrett then brought this action, his second for post-conviction relief under 2255, alleging ineffective assistance of counsel due to a conflict of interest. He argued before the district court that his attorney's representation of his codefendant raises a presumption of a conflict of interest in violation of his Sixth Amendment rights. The specific errors which allegedly resulted from this conflict are the same guideline calculations he challenged in his first post-conviction action. The district court dismissed Mr. Garrett's motion.
 
 
 6
 Mr. Garrett appeals that decision arguing the district court erred in concluding his second 2255 motion constituted an abuse of the writ.
 
 DISCUSSION
 
 7
 Rule 9(b) of the Rules Governing Section 2255 Proceedings provides:
 
 
 8
 (b) Successive motions. A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.
 
 
 9
 In Sanders v. United States, 373 U.S. 1 (1963), the Court articulated the meaning of a "ground" for purposes of Rule 9(b) in the following terms:
 
 
 10
 By "ground," we mean simply a sufficient legal basis for granting the relief sought by the applicant. For example, the contention that an involuntary confession was admitted in evidence against him is a distinct ground for federal collateral relief. But a claim of involuntary confession predicated on alleged psychological coercion does not raise a different "ground" than does one predicated on alleged physical coercion. In other words, identical grounds may often be proved by different factual allegations. So also, identical grounds may often be supported by different legal arguments, or be couched in different language, or vary in immaterial respects.
 
 
 11
 Id. at 16 (citations omitted).
 
 
 12
 Mr. Garrett has already raised the issue of ineffective assistance of counsel with respect to the calculation of his guideline range. He has reformulated that allegation here by basing the claim on a theory of conflict of interest. Like the claim of involuntary confession, ineffective assistance of counsel is a distinct ground for federal collateral relief. Premising a claim of ineffective assistance on incompetence per se as opposed to conflict of interest raises an identical "ground," different only in its factual allegations. As such, it is clear to us Mr. Garrett's second motion for post-conviction relief raises the same ground as was raised in his first motion. Under Rule 9(b), therefore, this petition may properly be dismissed as successive.[2]
 
 
 13
 We note, in addition, our agreement with the district court's conclusion that even if we were to assume Mr. Garrett's conflict of interest claim raises a different ground than that raised in his first post-conviction motion, that motion need not be addressed on the merits as it constitutes an abuse of the writ. A second or subsequent motion must be dismissed as an abuse of the writ unless the defendant "excuses his failure to raise the issue earlier by showing cause for failing to raise it and prejudice therefrom' or by showing that a fundamental miscarriage of justice would result from a failure to entertain the claim.' " United States v. Richards, 5 F.3d 1369, 1370 (10th Cir.1993) ( quoting McCleskey v. Zant, 499 U.S. 467, 494-95 (1991)).
 
 
 14
 Though the district court held Mr. Garrett had failed to show cause, prejudice, or a fundamental miscarriage of justice, he challenges only the conclusion with respect to cause. Mr. Garret argues his failure to raise the conflict of interest claim earlier is due to the fact "he is a disadvantaged black from the Houston, Texas ghetto, uneducated in law, [and a high] school drop out." We note, as an initial matter, Mr. Garrett's claim of cause premised on lack of education is belied by the fact that his brief is extremely well written, researched, and analyzed. More significant than our impression regarding his intelligence, however, is the fact that lack of education or intelligence is, as a matter of law, inadequate in itself to show cause: cause "must be something external to the petitioner, something that cannot fairly be attributed to him.' " Rodriguez v. Maynard, 948 F.2d 684, 687 (10th Cir.1991) (citation omitted). As such, we reject Mr. Garrett's allegation of error.
 
 
 15
 The post-conviction motion is successive and constitutes and abuse of the writ. Accordingly, we AFFIRM the district court's order dismissing it.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We note Mr. Garrett has made no attempt to show his factual innocence regarding the crime to which he pled guilty. Accordingly, the "ends of justice" exception to Rule 9(b) is inapplicable. See Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986)