65 F.3d 178
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Melvin Dale CAMPBELL, Defendant-Appellant.
 No. 95-1121.
(D.C.No. 94-B-1915, 90-CR-328)
 United States Court of Appeals, Tenth Circuit.
 Sept. 5, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. Rule 34.1.9. This case is therefore ordered submitted without oral argument. For the reasons set forth below, we affirm the decision of the district court.
 
 
 2
 Petitioner Melvin Dale Campbell appeals the district court's dismissal of his "Petition for a Writ of Habeas Corpus Pursuant to 22 U.S.C. 2241." See Applts. App. at 4-24. The record indicates that in February 1991 Mr. Campbell pled guilty to armed bank robbery (in violation of 18 U.S.C. 2113(a) and (d)) and carrying a firearm during the commission of a crime of violence (in violation of 18 U.S.C. 924(c)(1)). Under the terms of the plea agreement, Mr. Campbell admitted that on November 28, 1990, at the entrance to the Central Bank of Chatfield in Littleton, Colorado, he had stolen a bag of currency from Wells Fargo employees who were delivering it to the bank. Mr. Campbell stipulated that the stolen currency belonged to the Central Bank of Chatfield and that the bank's deposits were insured by the Federal Deposit Insurance Corporation. See Applts. App. at 8-9.
 
 
 3
 Mr. Campbell filed a pro se motion to vacate his sentence pursuant to 28 U.S.C. 2255. See Aple. Supp.App. at 74-85. In that motion, Mr. Campbell argued that he was innocent of the firearm charge because he had not actually used a firearm in the course of the offense. The district court denied the motion, and this court affirmed. See Campbell v. United States, No. 94-1188 (10th Cir. December 2, 1994).
 
 
 4
 In August 1994, Mr. Campbell filed the motion that is the subject of this appeal. He maintained that he was innocent of the bank robbery charge because the funds involved were not insured by the Federal Deposit Insurance Corporation. He submitted an affidavit from his son stating that a Wells Fargo officer "informed me that Wells Fargo Armored Service, Inc. is not insured by any agency of the United States Government, but carries its own insurance." Aplt.App. at 24. The district court treated Mr. Campbell's petition as a motion under 28 U.S.C. 2255. Noting that Mr. Campbell had previously filed a Section 2255 motion in which he had not raised the issue of whether the stolen funds were federally insured, the district court dismissed Mr. Campbell's petition under the doctrine of abuse of the writ.
 
 
 5
 With regard to a dismissal for abuse of the writ, we review the district court's factual findings for clear error. Green v. Reynolds, 57 F.3d 956, 957 (10th Cir.1995). We engage in de novo review of the district court's legal conclusions. Id. Under the abuse of the writ doctrine, a second Section 2255 motion raising issues not asserted in the first motion is barred unless a petitioner can show either: (1) "cause for failing to raise it and prejudice therefrom", United States v. Richards, 5 F.3d 1369, 1370 (10th Cir.1993) (quoting McCleskey v. Zant, 499 U.S. 467, 494 (1991)); or (2) that a "fundamental miscarriage of justice would result from a failure to entertain the claim." Id. In this context, a fundamental miscarriage of justice means that the petitioner is actually innocent of the offense. Richards, 5 F.3d at 1371.
 
 
 6
 We agree with the district court that Mr. Campbell has not established cause for his failure to raise the federally insured funds issue in his previous Section 2255 action. Mr. Campbell has also not established that there will be a fundamental miscarriage of justice if the claim is not addressed. The indictment to which Mr. Campbell pled guilty alleged that Mr. Campbell took "money and things of value belonging to and in the care, custody, and control of the Central Bank of Chatfield" and that the deposits of the bank were insured by the Federal Deposit Insurance Corporation. Apple's Supp.App. at 5. Mr. Campbell stipulated to these facts in the plea agreement. Id. at 8-9. The hearsay statement in Mr. Campbell's son's affidavit is not sufficient to rebut the factual basis for the conviction established by Mr. Campbell's guilty plea.[2] See generally Herrera v. Collins, 113 S.Ct. 853, 869-870 (1993) (noting that affidavits submitted in habeas action were "particularly suspect" because they were based on hearsay).
 
 
 7
 Accordingly, the district court's dismissal of Mr. Campbell's petition is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 By pleading guilty, Mr. Campbell admitted all material facts alleged in the indictment. See United States v. Kelsey, 15 F.3d 152, 153 (10th Cir.1994); Mack v. United States, 853 F.2d 585, 586 (8th Cir.1988)