69 F.3d 549
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David WARDEN, also known as Doc, Defendant-Appellant.
 Nos. 93-1258, 95-1067.
 United States Court of Appeals, Tenth Circuit.
 Oct. 26, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff/appellant David Warden pled guilty to one count of attempting to manufacture and aiding and abetting the attempted manufacture of 1000 grams and more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. Secs. 841(a)(1), (b)(1)(A)(viii), 846, and 18 U.S.C. Sec. 2. At his sentencing, Mr. Warden moved to withdraw from the plea agreement and enter a plea of not guilty. The court denied the motion and sentenced him to a ten-year prison term.
 
 
 3
 Mr. Warden then filed a notice of appeal, followed by a motion for a limited remand to the district court for consideration of a reduction in his sentence. We granted the motion for a limited remand, and the district court ultimately denied the motion for a reduction in sentence. Another notice of appeal, which was filed by and consolidated with Mr. Warden's original appeal, is now before us.
 
 BACKGROUND
 
 4
 In August 1992, Mr. Warden received a controlled delivery of hydriodic acid and red phosphorus. Federal agents later discovered an apparent methamphetamine laboratory at a location which was under Mr. Warden's control. At both the location of the delivery and the location of the laboratory, federal agents discovered glassware, laboratory equipment, and precursor chemicals, including 2,000 grams of ephedrine, all of which led agents to believe Mr. Warden operated a functioning methamphetamine laboratory which was capable of manufacturing over 1,500 grams of methamphetamine. The government did not test the purity of the ephedrine seized, nor did it determine whether it would yield L-methamphetamine or D-methamphetamine.
 
 
 5
 In November 1992, the government filed a second superseding indictment charging Mr. Warden with conspiracy to manufacture, unlawful attempt to manufacture, and manufacturing 1,000 grams or more of a mixture or substance containing a detectable amount of methamphetamine. In January 1993, the court granted Mr. Warden's counsel's motion to withdraw and permitted the substitution of Ms. Martha Horowitz as new counsel.
 
 
 6
 In April 1993, Mr. Warden entered into a plea agreement with the government, pursuant to which he pled guilty to a single count of unlawful attempt to manufacture and aiding and abetting the manufacture of 1,000 grams or more of a mixture or substance containing a detectable amount of methamphetamine. It was a Fed.R.Crim.P. 11(e)(1)(C) agreement for which there was a statutory minimum mandatory sentence of ten years. See 21 U.S.C. Sec. 841(b)(1)(A) and Sentencing Guideline Sec. 2D1.1. The court explained to Mr. Warden that, because it was a Rule 11(e)(1)(C) agreement, he could withdraw his plea and proceed to trial if the court attempted to sentence him to a greater term. Following his entry into the plea agreement, but before sentencing, Ms. Horowitz filed a motion to withdraw and Mr. Warden requested that new counsel be appointed. The court denied Ms. Horowitz's motion to withdraw, but did appoint an additional attorney, Mr. Irving Andrews, to assist Ms. Horowitz.
 
 
 7
 At his sentencing hearing, Mr. Warden moved to withdraw his guilty plea and enter a plea of not guilty. The court denied the motion, and sentenced Mr. Warden to the ten-year term, the mandatory minimum, as agreed to in the plea agreement.
 
 
 8
 Mr. Warden filed a notice of appeal, followed by a motion for a limited remand to the district court, which this court granted. He then filed a motion in the district court to reduce his sentence pursuant to 18 U.S.C. Sec. 3582(c)(2), on the ground that a newly effective retroactive change in Sentencing Guideline Sec. 2D1.1 provided that a mixture does not include materials that must be separated from the controlled substance before the controlled substance can be used. The district court denied Mr. Warden's motion to reduce his sentence, concluding that the retroactive amendment to the Sentencing Guidelines did not apply to Mr. Warden's case. This appeal followed.
 
 DISCUSSION
 
 9
 Mr. Warden argues that: (1) the court erred in not allowing him to withdraw his guilty plea because his plea was not knowing and voluntary due to ineffective assistance of counsel; (2) the court violated Fed.R.Crim.P. 32(c)(3)(D) by failing to make findings regarding Mr. Warden's challenges to claimed inaccuracies in the presentence report; (3) the court erred in not reducing his sentence; and (4) the court abused its discretion in not granting Mr. Warden's request for a hearing on the applicability of 18 U.S.C. Sec. 3553.
 
 I. Voluntariness of Guilty Plea
 
 10
 Under Fed.R.Crim.P. 32(e), "[i]f a motion to withdraw a plea of guilty ... is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." However, "[o]ne who enters a guilty plea has no right to withdraw it." Barker v. United States, 579 F.2d 1219, 1223 (10th Cir.1978). Rule 32(e) places the burden on the defendant to establish a "fair and just" reason for being permitted to withdraw his guilty plea, and " '[i]t is within the sound discretion of the [district] court to determine what circumstances justify granting such a motion.' " United States v. Guthrie, No. 94-4171, 1995 WL 536323 at * 3 (10th Cir. Sept. 11, 1995) (quoting United States v. Gordon, 4 F.3d 1567, 1572 (10th Cir.1993), cert. denied, 114 S.Ct. 1236 (1994)). We therefore review for an abuse of discretion the district court's denial of Mr. Warden's motion to withdraw his guilty plea, "and we will not reverse absent a showing that the district court acted unjustly or unfairly." Id.; see also United States v. Rhodes, 913 F.2d 839, 845 (10th Cir.1990), cert. denied, 498 U.S. 1122 (1991).
 
 
 11
 We utilize seven factors in determining whether a defendant has established a "fair and just" reason for being permitted to withdraw a guilty plea: (1) the defendant's assertion of innocence; (2) prejudice to the government if the withdrawal is permitted; (3) any delay by the defendant in filing the motion to withdraw; (4) inconvenience to the court if the withdrawal is permitted; (5) the quality of the defendant's assistance of counsel during the plea proceedings; (6) whether the plea was knowing and voluntary; and (7) any waste of judicial resources. Guthrie, 1995 WL 536323 at * 3; see also Gordon, 4 F.3d at 1572. Mr. Warden asserts that, in his case, "the overwhelming consideration ... is that he pled guilty without being fully apprised of the consequences of his guilty plea by his counsel...." Appellant's Br. at 15. Thus, he argues that ineffective assistance of counsel caused his guilty plea to be involuntary and unknowing.
 
 
 12
 The Supreme Court in Hill v. Lockhart, 474 U.S. 52 (1985) set out the standard for proving that ineffective assistance of counsel resulted in an involuntary plea: "Where ... a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' " Id. at 56 (quoting Mann v. Richardson, 397 U.S. 759, 771 (1970)).[1] Mr. Warden argues his counsel was ineffective in six respects: (1) she failed to provide him "in a timely manner" with a copy of Richards v. United States, 796 F.Supp. 1456 (D.Utah 1992), vacated, 5 F.3d 1369 (10th Cir.1993) which he argues was relevant to his situation; (2) neither Ms. Horowitz nor Mr. Andrews discussed with Mr. Warden proposed amendments to the Sentencing Guidelines which he argues were also relevant to his situation; (3) his counsel failed to advise him of the consequences of the government's failure to test the seized ephedrine to determine whether it would yield D-methamphetamine or L-methamphetamine; (4) his counsel failed to discuss with him any possible effect the government's controlled delivery of chemicals might have on his sentence; (5) Ms. Horowitz failed "either to go forward with a motions hearing or advise her client before he entered his guilty plea that she would not pursue a pre-sentencing hearing on relevant conduct issues," Appellant's Br. at 22; and (6) Mr. Warden lacked assistance of counsel entirely during his attempt to withdraw his guilty plea. We hold that none of these establish ineffective assistance of counsel rendering Mr. Warden's guilty plea involuntary.
 
 
 13
 We agree with the government that Mr. Warden's claims with respect to the Richards case do not establish ineffectiveness for several reasons: the case was vacated by this court, it dealt with a different factual situation than this case, and the evidence showed that it was provided to Mr. Warden prior to his entry into the plea agreement. Similarly, his argument that his attorneys were ineffective in failing to discuss proposed amendments to the Sentencing Guidelines does not demonstrate ineffectiveness when the amendments, although they were ultimately made retroactively applicable,[2] have no bearing on Mr. Warden's case.[3]
 
 
 14
 It is likewise irrelevant that the government did not test the seized ephedrine to determine whether it would yield D-methamphetamine or L-methamphetamine. As we have acknowledged, "[t]he sentencing difference between D-methamphetamine and L-methamphetamine is significant." United States v. Deninno, 29 F.3d 572, 579 (10th Cir.1994), cert. denied, 115 S.Ct. 1117 (1995). However, as the government argues, and the district court held, the distinction is irrelevant to Mr. Warden's case, because 21 U.S.C. Sec. 841(b)(1)(A)(viii) specifies a minimum ten-year mandatory term for offenses involving "100 grams or more of methamphetamine, its salts, isomers...." Both D-methamphetamine and L-methamphetamine are isomers, so 1000 grams of either would suffice to invoke the ten-year statutory minimum. While a Guideline sentence for L-methamphetamine would, in the abstract, yield a lower sentence than one for the same amount of D-methamphetamine, in this case the statutory minimum would supersede the Guideline sentence.[4] We find his other claimed instances of attorney ineffectiveness to be wholly without merit. Far from being represented by no counsel during his attempt to withdraw his guilty plea, he was represented by two attorneys, whom the district court specifically observed were extremely competent and professional in all their dealings with the court. Mr. Warden's displeasure with their conclusion that he lacked any basis for withdrawing his guilty plea should not be confused with an abdication of their roles as his attorneys.
 
 
 15
 In sum, we hold that Mr. Warden received effective assistance of counsel throughout his plea bargain proceedings. Moreover, the record abundantly supports the finding that Mr. Warden freely, voluntarily, and knowingly entered his guilty plea.
 
 II. Presentence Report
 
 16
 As indicated, Mr. Warden's plea was a Rule 11(e)(1)(C) plea. The plea agreement states that "[t]he Court will defer acceptance of the plea agreement until consideration of the PSI [presentence report]". Plea Agreement and Stipulation of Facts at 5, R. Vol. 6. Nonetheless, the transcript of the hearing on Mr. Warden's change of plea indicates that, after extensive questioning of Mr. Warden, the guilty plea was in fact accepted. R. Vol. 2 at 28.
 
 
 17
 Former Fed.R.Crim.P. 32(c)(3)(d)[5] provided that, with respect to controverted matters in the presentence report, "the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." At sentencing, Mr. Warden stated to the court as follows:
 
 
 18
 I believe that the calculation of the--of the amount of return of methamphetamine to be ephedrine could be disputed. I cannot provide a dispute to it at this time. I don't have the paperwork with me and I can't--I can't think to tell you the truth. I have an objection to it, but I can't formulate an opinion as to what that objection is right now, Your Honor. The yield is incorrect and possibly the calculation of the amount of ephedrine may be incorrect.
 
 
 19
 R.Vol. V at 21. The court did not make specific findings as to this objection, nor did it specifically find that no such determination need be made because it was irrelevant for sentencing. The government does not argue that the district court complied with Rule 32(c)(3)(D), but simply argues that, even if there was error, "a remand would serve no purpose, for the sentence here was a stipulated sentence, not affected by the objection." Appellee's Br. at 21.
 
 
 20
 The record reveals that Mr. Warden's argument on this point was the subject of considerable discussion by the court, Mr. Warden, the government and Mr. Warden's attorneys. It is clear that the district court in fact addressed Mr. Warden's argument, and determined that it was irrelevant to the imposition of his sentence. "Therefore, the proper remedy is to remand to the district court for the ministerial task of attaching its determinations regarding the disputed matters to the presentence report." United States v. Easterling, 921 F.2d 1073, 1081 (10th Cir.1990), cert. denied, 500 U.S. 937 (1991).
 
 III. Failure to Reduce Sentence
 
 21
 Mr. Warden argues the district court erred in failing to reduce his sentence because he claims the court failed to "make any finding on the amount of the controlled substance despite Mr. Warden's request at the sentencing." Appellant's Br. at 28. This appears to be either a version of the above argument relating to the presentence report, which we have rejected, or a general attack on the sentence as stipulated in the plea agreement and as calculated by reference to drug quantities stipulated in the agreement and determined at sentencing. Either argument fails. As we have stated before, "[t]he government and a defendant and his attorney may arrive at a bargain 'that a specific sentence is the appropriate disposition of the case.' " United States v. Libretti, 38 F.3d 523, 529 (10th Cir.1994) (quoting Fed.R.Crim.P. 11(e)(1)(C)), cert. denied, 115 S.Ct. 1398 (1995). "As long as the plea agreement is lawful, a defendant should be bound by its terms." Id. We find nothing unlawful in Mr. Warden's plea agreement and sentence.
 
 
 22
 To the extent he purports to challenge factual findings relating to drug quantities made at sentencing, we also reject his argument. "We review the district court's factual determination of drug quantities for sentencing purposes under a clearly erroneous standard." United States v. Reyes, 40 F.3d 1148, 1150 (10th Cir.1994). As indicated, Mr. Warden pled guilty to attempting to manufacture more than 1000 grams of methamphetamine. That figure was derived from the quantities of precursor chemicals seized, which a government expert testified were sufficient to manufacture the stipulated amount. Mr. Warden makes no specific challenge to those findings, but generally argues that we should ignore our Reyes decision, which states that the mandatory minimum of ten years contained in 21 U.S.C. Sec. 841(b)(1)(A) applies to "a drug quantity [determined] at the sentencing phase." Id. at 1151. We decline to do so. The court did not err in failing to reduce his sentence, to which he assented in his Rule 11(e)(1)(C) agreement.
 
 
 23
 IV. Hearing on Applicability of 18 U.S.C. Sec. 3553
 
 
 24
 Finally, Mr. Warden argues the district court abused its discretion in not granting Mr. Warden's request for a hearing on the applicability of 18 U.S.C. Sec. 3553. For reasons previously discussed, 18 U.S.C. Sec. 3553(f) does not apply to Mr. Warden's sentence. It applies only to sentences entered after its effective date of September 13, 1994. Mr. Warden was originally sentenced before that date, and our limited remand for consideration of his motion for reduction of sentence did not vacate his sentence, or otherwise direct the district court to resentence Mr. Warden. Section 3553(f) therefore is inapplicable.[6]
 
 CONCLUSION
 
 25
 For the foregoing reasons, we AFFIRM Mr. Warden's conviction and sentence, and REMAND for the ministerial task of appending the district court's determinations regarding the disputed matter in the presentence report.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 We note that, as a threshold matter, we normally consider whether we should address a claim of ineffectiveness on direct appeal, rather than deferring its consideration to the first collateral proceeding. This is particularly important since our opinion in United States v. Galloway, 56 F.3d 1239 (10th Cir.1995) (en banc), in which we stated that "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." Id. at 1240. We do continue to recognize, however, that "in rare instances an ineffectiveness of counsel claim may need no further development prior to review on direct appeal." Id. Among the cases we cited in Galloway as ones where an ineffectiveness claim was appropriately reviewed on direct appeal was United States v. Gordon, 4 F.3d 1567 (10th Cir.1993), in which a claim of ineffectiveness was made in support of an argument for withdrawal of a guilty plea. This is a case where the record is sufficiently developed that we can address Mr. Warden's ineffectiveness claim on direct appeal
 
 
 [2]
 We of course do not suggest that counsel are expected to anticipate when guidelines will be amended, nor that such amendments will be made retroactively applicable
 
 
 [3]
 USSG Sec. 2D1.1 provides that, unless otherwise specified, the quantity of the controlled substance should include the weight of any mixture or substance containing a detectable amount of the controlled substance. Effective November 1, 1993, Amendment 484 to the Sentencing Guidelines modified application note 1 to Sec. 2D1.1 and provided that "[m]ixture or substance does not include materials that must be separated from the controlled substance before the controlled substance can be used." The amendment applies retroactively. United States v. Deninno, 29 F.3d 572, 579 (10th Cir.1994), cert. denied, 115 S.Ct. 1117 (1995)
 Mr. Warden argues that this retroactive amendment would benefit him by requiring the exclusion of waste water allegedly seized from the methamphetamine laboratory. As the government argues, and the district court held, Mr. Warden's sentence was based on his guilty plea to the attempt to manufacture 1000 or more grams of methamphetamine. That amount was, in turn, derived from the estimated production capability of the laboratory, based upon the quantity of precursor drugs, particularly the ephedrine, seized from the laboratory. It was not based upon any waste water or other similar substances seized, and which may have been produced in connection with methamphetamine already manufactured. Thus, the district court correctly held that the amendment is irrelevant to Mr. Warden's situation.
 
 
 [4]
 Under a recent amendment to 18 U.S.C. Sec. 3553, in certain cases a court may depart below a statutory minimum. 18 U.S.C. Sec. 3553(f); see also USSG Sec. 5C1.2. However, section 3553(f) applies to sentences "imposed on or after the 10th day beginning after the date of enactment of this Act [Sept. 13, 1994]." Mr. Warden's sentence was imposed before the effective date of that amendment
 
 
 [5]
 Now Fed.R.Crim.P. 32(c)(1)
 
 
 [6]
 Even if he could avail himself of section 3553(f), the district court determined at sentencing that Mr. Warden was a leader, organizer, manager and supervisor, thus rendering him ineligible for a section 3553(f) reduction anyway