**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**JUN 15 1999**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

MICHAEL TERRENCE OLIVER,

      Petitioner - Appellant,

v.

RITA MAXWELL, Warden,

      Respondent - Appellee.

No. 98-5257
(D.C. No. 97-CV-247-K)
(Northern District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

Petitioner Michael Terrance Oliver, pro se, seeks a certificate of appealability, pursuant to 28 U.S.C. § 2253(c), to appeal the district court's denial of his petition for a writ of habeas corpus under § 2254. Because we conclude that Oliver has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny a certificate of appealability and dismiss this appeal.

---

[*]The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Oliver is a state inmate in the custody of the Oklahoma Department of Corrections, serving two concurrent twenty-year sentences imposed after he entered a plea, while represented by counsel, of no contest to charges of Possession of Marijuana; Second Offense After Former Conviction of a Felony; and Unlawful Delivery of Marijuana After Former Conviction of a Felony. Oliver did not file a timely direct appeal of these convictions and sentences. He did, however, file an application for state post-conviction relief, arguing that the trial court lacked jurisdiction to sentence him because his enhanced sentences were not properly allowed by statute. The state district court denied Oliver's application. The Oklahoma Court of Criminal Appeals affirmed the denial of post-conviction relief, finding that Oliver had failed to raise his claims on direct appeal and failed "to articulate sufficient reason or special circumstances explaining his failure" to do so. R. Doc. 1 at 15, Oliver v. Tulsa County, No. PC 96-1350 (Okla. Crim. App. Feb. 6, 1997) (Order Affirming Denial of Post-Conviction Relief at 2).

Oliver then filed a petition for a writ of habeas corpus in federal district court, pursuant to 28 U.S.C. § 2254. The district court denied Oliver's application without an evidentiary hearing, concluding that by failing to seek timely direct review in Oklahoma state court, he had procedurally defaulted his claims. The district court found that the Oklahoma Court of Criminal Appeals had applied the independent and adequate state doctrine of barring claims on post-

conviction not raised on direct appeal, and that Oliver had not shown that failure to consider his claims would result in a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 729 (1991).

Oliver does not argue that the Oklahoma procedural bar applied is not independent of federal law, see Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995), or that it is not adequately and consistently applied in Oklahoma courts, see id. Rather, he argues that the federal courts should look past the procedural bar to reach the merits of his claim on the grounds of "actual or factual innocence." Appellant's Br. at 2A.

If a state prisoner has defaults his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of his claims is foreclosed "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 540. Oliver does not allege cause and prejudice, but rather apparently invokes the fundamental miscarriage of justice exception by arguing that a claim of actual innocence justifies looking past his procedural default. A claim of actual innocence, in the procedural context, is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered

on the merits." Schlup v. Delo, 513 U.S. 298, 315 (1995) (quoting Herrera v. Collins, 506 U.S. 390, 404 (1993)).  In Schlup, the Court considered a procedural claim of actual innocence in considering the "fundamental miscarriage of justice" exception to the pre-AEDPA rule on second and successive habeas petitions.  See Schlup, 513 U.S. at 321.  It concluded, in the context of a challenge to a capital sentence, that a petitioner may secure federal review of the merits of a procedurally barred claim by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup, 513 U.S. at 327 (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)).

The Supreme Court in Schlup was faced with a challenge to a capital sentence.  We  assume, without deciding, that its actual innocence standard of review may apply to claims of actual innocence of a conviction under a habitual offender statute.  See United States v. Richards, 5 F.3d 1369, 1371 (10th Cir. 1993) (stating that "a person cannot be actually innocent of a noncapital sentence"); but see Selsor v. Kaiser, 22 F.3d 1029, 1036 (10th Cir. 1994) (stating, in dicta, that a person is actually innocent of a habitual offender sentence if he is innocent of a prior conviction).  We need not resolve, however, the scope of the actual innocence doctrine in the context of non-capital habitual offender sentencing, because we agree with the district court that Oliver has failed even to raise colorable allegations of factual innocence as to the underlying grounds of

his sentence enhancements. Oliver's claims amount to an argument that the trial court imposed the incorrect (non-capital) sentence under state law. He fails to provide any concrete support for this argument, and thus does not carry his burden of showing a fundamental miscarriage of justice. Thus, the district court properly applied the doctrine of procedural default to foreclose review of Oliver's claims.

Therefore, we conclude that Oliver has failed to make a substantial showing of the denial of a constitutional right. The request for a certificate of appealability is hereby DENIED; this appeal is DISMISSED. Oliver's motion to proceed in forma pauperis is GRANTED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge