**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Shanda P. GAINS, Defendant–Appellant.**

**No. 02–4232.**

United States Court of Appeals, Sixth Circuit.

April 1, 2003.

Before: BOGGS and SILER, Circuit Judges; and STEEH, District Judge.*

### ORDER

Shanda P. Gains appeals the sentence imposed upon her convictions. The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A grand jury indicted Gains on one count of marijuana distribution (Count 1), two counts of cocaine distribution (Counts 2 and 4), and one count of unauthorized acquisition of food stamp coupons (Count 5). On May 23, 2002, she pleaded guilty pursuant to a written plea agreement to Counts 2 and 5, in exchange for the dismissal of the other counts. The plea agreement specified in a non-binding provision that Gains's base offense level for the cocaine charge was 12. The presentence investigation report, however, attributed responsibility for 9.6 grams of marijuana and 5.3 grams of cocaine to Gains, converted the cocaine quantity into a marijuana equivalent, and used the drug equivalency table in the sentencing guidelines

commentary to set the base offense level for the cocaine charge at 10. See USSG § 2D1.1 comment. (nn.6 and 10). The government objected to the conversion, arguing that the lowest base offense level set forth in the guidelines for cocaine was 12. See 2D1.1(c) (drug quantity table). The district court sustained the objection at the sentencing hearing on October 18, 2002, and held that the guideline took precedence over the commentary. Gains was sentenced to 6 months in prison, 3 years of supervised release, and a $200 special assessment. Judgment was entered October 24, 2002.

In her timely appeal, Gains argues that the district court incorrectly calculated her base offense level for the cocaine charge because the plain language of USSG § 2D1.1, comment. (n.6) requires a drug other than marijuana to be converted into a marijuana equivalent when more than one drug is involved in the offense.

This court reviews a district court's application of the Sentencing Guidelines de novo and its factual findings concerning a defendant's role in an offense for clear error. United States v. Caseslorente, 220 F.3d 727, 734 (6th Cir.2000).

The district court properly concluded that the cocaine quantity should not be converted into a marijuana equivalent. To hold otherwise would have required the district court to give more weight to the guidelines commentary, where the drug equivalency table and conversion rule are found, than to a guideline. See USSG § 2D1.1(c) and comment. (nn. 6 and 10). Guidelines commentary is not authoritative where "it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guide-

---

* The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

line." *Stinson v. United States*, 508 U.S. 36, 38, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993). Guideline § 2D1.1(c) clearly establishes that the lowest base offense level for any quantity of cocaine is 12. *See United States v. Davis*, 981 F.2d 906, 911 (6th Cir.1992). Application of the commentary in Application Notes 6 and 10 to the instant case produces a lower base level of 10 which is inconsistent with the guideline. Thus, the commentary is not authoritative in this case and the use of the guideline must prevail. Furthermore, use of the commentary would produce a result inconsistent with the Guidelines' policy of "proportionality in sentencing through a system that imposes appropriately different sentences for criminal conduct of differing severity." USSG Ch.1, Pt.A, intro. comment. 3. If Gains's offense level were calculated pursuant to the commentary and the cocaine were converted to a marijuana equivalent, she would receive a lower base offense level and thus a lower sentence than another defendant who had possessed a lesser amount of cocaine, but had not possessed any marijuana. An interpretation of the Guidelines which produces an absurd result such as this must be avoided. *See United States v. Hayter Oil Co., Inc.*, 51 F.3d 1265, 1274 (6th Cir.1995) (citing *United States v. Jennings*, 945 F.2d 129, 136 (6th Cir.1991), *modified*, 966 F.2d 184 (6th Cir.1992)).

Accordingly, the district court's judgment is affirmed.